UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                             Case Number 08-50303-BC
                                               Related Criminal Case Number 07-20243-BC
KENNETH E. YAROCH,                Honorable Thomas L. Ludington

        Defendant,

v.

RICHARD CARNCROSS, PHILIP J. NEEB,
DONALD A. BOLSTETTER,
THOMAS E. GRABITZ, BRIAN D. GUNN,
THOMAS P. COLLON, RICHARD L. GREMEL,
SIGNATURE BANK,

        Movants.

_____/

## ORDER GRANTING IN PART MOVANTS' MOTION TO QUASH SUBPOENAS AND DIRECTING GOVERNMENT AND DEFENDANT TO BRIEF SENTENCING ISSUES

On December 21, 2007, Defendant Kenneth Yaroch entered a plea of *nolo contendere* to count 82 of the third superseding indictment, which charged him with a violation of 18 U.S.C. § 656 for the willful misapplication of moneys, funds, or credits by a bank officer. Defendant had been employed for some 25 years by the Signature Bank in Bad Axe, Michigan as a senior lender and vice president. His sentencing hearing is scheduled for April 21, 2008.

The Court is in receipt of a letter from the United States Probation Office, dated March 26, 2008, authored by Defendant's assigned probation officer after a brief discussion with the Court. The letter outlines several unresolved issues regarding restitution and the application of the United

States Sentencing Guidelines (Sentencing Guidelines). The letter, in pertinent part, provided as follows:

> Due to . . . [D]efendant, the government, and the probation officer having different positions in regard to loss, guideline range, fine amount, etc., it was felt there was no benefit for Probation to respond to the objections since these responses would not result in changes to the presentence report in regard to these items.
>
> The probation officer and [the Court] discussed these issues. [The Court] stated Probation would not need to respond to each one of the individual objections to [Defendant's] presentence investigation report. Therefore, a revised presentence report, along with the objections and supporting documentation provided by each party will be disclosed to the [Court]. The [Court] feels if [it] makes tentative findings of sentencing factors in a number of areas, that the vast majority of the objections from both sides would be addressed. Each side will be allowed to address the Court's tentative findings as per the directions to be crafted by [the Court]. A copy of this letter is also being provided to the Court.
>
> The scheduled date for the sentence hearing in this matter, April 21, 2008, has not been changed.
>
> The areas in which the Court anticipates issuing tentative findings include, but are not limited to, the following items: (1) the impact of the civil settlement to the loss/restitution figures; (2) the loss amount as defined by federal sentencing guidelines; (3) restitution amount; (4) acceptance of responsibility and role in the offense adjustment. Probation's stance and rationale for the recommendations made in the presentence investigation report is as follows: in regard to the impact of the civil settlement on the loss/restitution figures, it is suggested the parties review the case *U.S. v Bearden*, 274 F.3rd 1031 (6th Cir., 2001). It is Probation's stance that this case addresses the issue of civil settlements and criminal restitution. In this matter, the [c]ourt adopted the rule that a private settlement between a criminal wrongdoer and his victim releasing the wrongdoer from further liability does not preclude a District Court from imposing a restitution order for the same underlying wrong.
>
> Taking into consideration the offense for which [Defendant] entered his nolo contendere plea and the relevant conduct as discussed in § 1B1.3 of the guidelines, Probation feels the appropriate loss amount is $1,931,564.93. The U.S. Attorney feels the loss amount should be $695,737.83, based upon an affidavit of Signature Bank executives. . . . [D]efendant feels the loss amount should be set at $35,000, the figure agreed to in [his] civil settlement with Signature Bank.
>
> In regard to the amount of loss, Probation feels *U.S. v Gharbi*, F.3rd (5th Cir., December 17, 2007), No. 06-51237, should be reviewed. As per the Federal Sentencing Guideline Newsletter, January 21, 2008, the government argued at the District Court level that to determine gross receipts the Court should use the face amount of all the loans the defendant fraudulently obtained. The defendant argued that "gross receipts" did not include loan proceeds that were used to pay off the pre-

existing mortgages on some of the properties. The District Court agreed with the defendant. The Fifth Circuit reversed, holding that the "gross receipts" meant the full amount of the loans the defendant fraudulently obtained. "Gross proceeds" includes all property that is obtained "directly or indirectly" as a result of the offense.

The restitution figure determined by Probation, $695,702.83, is based on a sworn affidavit provided by Signature Bank. This amount includes the principal on the loans referenced in the Third Superseding Indictment, which Signature Bank wrote off, minus the $35,000 repaid to the bank as part of the civil suit by [Defendant]. Probation gave a two-level enhancement for abuse of position of trust based on the definitions provided in § 3B1.3.

Probation recommended a three-level adjustment for acceptance of responsibility based, in part, on the signed Rule 11 Plea Agreement. The Court will need to determine whether [Defendant's] written statement replicated in paragraph 99 of the presentence investigation report would warrant . . . [D]efendant not receiving credit for acceptance of responsibility.

On March 28, 2008, the Probation Office provided to the Court a presentence report regarding Defendant, which was also provided to counsel. While the Court has not had an opportunity to review the report in detail, several points were notable. First, according to an unidentified representative of Signature Bank, the bank wrote off $695,737.88 for the 75 counts listed in the Third Superseding Indictment. *Presentence Report of March 28, 2008*, ¶ 94. Second, again according to an unidentified representative of Signature Bank, the bank wrote off an additional separate amount of $1,810,190.40 in other loans written by Defendant. *Id*. at ¶ 95. Both of these amounts include only principal and not interest or other fees. Third, a victim impact statement was sent to the bank, as well as to another bank, but neither bank has provided any response. *Id*. at ¶ 97. Fourth, the bank commenced a civil lawsuit against Defendant, and they consensually resolved the matter for $35,00 and a release of all claims. *See id*. at ¶ 94. Fifth, the presentence report, remarkably, states, "There is no information suggesting that [Defendant] personally benefitted financially from any of the loans he authorized." *Id*. at ¶ 25.

On or about April 3, 2008, pursuant to Federal Rule of Criminal Procedure 17(c)(2), Richard

Carncross, Philip Neeb, Donald Bolstetter, Thomas Grabitz, Brian Gunn, Thomas Collon, Richard Gremel, and Signature Bank ("Movants") moved to quash subpoenas served on them on behalf of Defendant that required their attendance at Defendant's sentencing hearing. The subpoenas issued on March 11, 2008, and they directed the movants to produce a range of documents. These documents include the following: a settlement agreement between Defendant and the bank; the bank's counsel's letter to the government; documents regarding the bank's loan loss provisions, the size of Defendant's loan portfolio, charge offs against that loan portfolio, and amounts collected against those charge offs; and any bank board resolution authorizing the bank to seek restitution from Defendant. Movants challenge these requests as duplicative and vague and the subpoenas themselves as unreasonable and oppressive. In particular, Movants note that one bank representative, rather than the seven individuals subpoenaed, would suffice to describe the matters of interest to Defendant. The bank also requests a protective order to ensure the privacy of its customers' identify and information.

Because Defendant's sentencing hearing is set for April 21, 2008 and because part of the relief that Movants seek pertains to their participation at that hearing, the Court will partially resolve some aspects of their motion before the time for responses has elapsed. Movants are correct that seven individuals need not attest to issues where one individual can speak to all those matters. Accordingly, the Court will grant in part Movants' motion to quash, to the extent that Defendant's subpoenas require the attendance of all Movants. At the hearing, at least one representative from Signature Bank shall appear at Defendant's sentencing hearing, or as many representatives necessary to address the subpoenaed documents and the following matters relevant to resolution of the Sentencing Guidelines and restitution matters: (1) the bank's governance during the relevant period

-4-

of the alleged loss, including written and unwritten guidelines and practices for lending officers and board or lending committee oversight; (2) the accounting information supporting the bank's assertions of loss to the Probation Office; (3) internally and externally prepared financial statements for the bank during the relevant period of the loss and for three years thereafter, including accounting detail supporting its establishment of loan loss reserves; (4) any available reporting or summaries from the Federal Deposit Insurance Corporation regarding its investigation in the losses at issue here; and (5) any relevant documentation related to fidelity insurance or claims related to the bank's alleged loss. To the extent that other issues remain unresolved, Movants' motion to quash will remain pending.

Additionally, because of the involved nature of the issues that will inform on sentencing and adverted to in the Probation Office's letter to counsel of March 26, 2008, the Court will direct the parties to provide legal authority and arguments regarding those legal questions on or before April 16, 2008. More specifically, but without limiting the parties' view of the issues, the Court would solicit argument on the following points: (1) the effect of the civil settlement between the bank and Defendant on the loss provisions of the Sentencing Guidelines; (2) the criteria defining which transactions occurred during the offense of conviction and are, therefore, relevant conduct within the meaning of U.S.S.G. § 1B1.3;[1] (3) an accounting of any such relevant conduct; (4) the criteria for determining the amount of the loss for purposes of U.S.S.G. § 2B1.1(b)(1)(I); (5) an accounting

---

[1]The offense to which Defendant entered a plea is to a single count, count 82, of misapplication of moneys or funds by a bank officer, in violation of 18 U.S.C. § 656. Separate charges to which Defendant did not enter a plea include the following counts: (1) counts 1 through 18, counts 19 through 40, counts 42 through 52, counts 53 through 73, and counts 76 through 81, which charge bank fraud in violation of 18 U.S.C. § 1344; and (2) count 41 and counts 74 and 75, which charge making false entries or statements in violation of 18 U.S.C. § 1005.

for any such loss; and (6) the perspectives of the government and Defendant regarding his eligibility for a three-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a) & (d) and the two-level increase under U.S.S. G. § 3B1.3 based on Defendant's alleged abuse of trust. In the event that the government or Defendant maintain that the governing law or accounting for determining restitution differs from the legal analysis and criteria that govern the fact and amount of loss for purposes of the Sentencing Guidelines, the Court would further invite briefing on legal authority on those points as well.

Accordingly, it is **ORDERED** that Movants' motion to quash [dkt #1] is **GRANTED IN PART**, as to the seven individuals subpoenaed. One representative of Signature Bank shall appear at the hearing, or as many representatives as are necessary, to address materials identified in the subpoena and the following issues: (1) the bank's governance during the relevant period of the alleged loss, including written and unwritten guidelines and practices for lending officers and board or lending committee oversight; (2) the accounting information supporting the bank's assertions of loss to the Probation Office; (3) internally and externally prepared financial statements for the bank during the relevant period of the loss and for three years thereafter, including accounting detail supporting its reserve authority for loan losses; (4) any publicly available reporting or summaries from the Federal Deposit Insurance Corporation regarding its investigation in the losses at issue here; and (5) any relevant documentation related to fidelity insurance or claims related to the bank's alleged loss.

It is further **ORDERED** that the government and Defendant shall **FILE BRIEFS** with legal authority and arguments, on or before **April 16, 2008**, regarding the following issues: (1) the effect of the civil settlement between the bank and Defendant on the loss provisions of the Sentencing

Guidelines; (2) the criteria defining which transactions occurred during the offense of conviction and are, therefore, relevant conduct within the meaning of U.S.S.G. § 1B1.3; (3) an accounting of any such relevant conduct; (4) the criteria for determining the amount of the loss for purposes of U.S.S.G. § 2B1.1(b)(1)(I); (5) an accounting for any such loss; (6) the perspectives of the government and Defendant regarding his eligibility a three-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a) & (d) and the two-level increase under U.S.S. G. § 3B1.3 based on Defendant's alleged abuse of trust; and (7) the governing law and an accounting for determining restitution, in the event that the government or Defendant maintain that the governing law differentiates between the restitution amount and the loss amount. These filings shall occur in criminal case 07-20243-BC, *United States v. Yaroch*. The Court anticipates that the sentencing hearing on April 21, 2008 will give priority to these legal issues over the presentation of evidence, although a familiarity with the factual predicates on which the legal analysis will turn will enhance the value of the arguments.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: April 10, 2008

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 10, 2008.

s/Tracy A. Jacobs
TRACY A. JACOBS